1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10
11
12
13
14
15
16

| | |
|---|---|
| ROLLING HILLS CONDOMINIUM HOMEOWNERS' ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

17

Plaintiff Rolling Hills Condominium Homeowners' Association (the "Association") alleges as follows:

18
19

## I.     INTRODUCTION

20

1.1     This is an action for declaratory judgment and money damages seeking:

21

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association by Defendant State Farm Fire and Casualty Company ("State Farm"). The Association is seeking a ruling that: (1) State Farm's policies provide coverage for the hidden damage at the Rolling Hills Condominium; and (2) State Farm is liable for money damages for the cost of investigating and repairing hidden damage at the at the Rolling Hills Condominium complex.

22
23
24
25
26
27

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(B)     Damages for breach of contract, bad faith and violations of the Consumer Protection Act ("CPA").

(C)     Attorneys' fees and costs (including expert witness fees).

(D)     Any other relief the Court deems just and equitable.

## II.     PARTIES AND INSURANCE CONTRACTS

2.1     <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Renton, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Rolling Hills Condominium complex.  The Rolling Hills Condominium complex consists of thirteen buildings with one hundred forty-one (141) residential units.

2.2     <u>State Farm.</u>  State Farm is incorporated in Illinois with its principal place of business located in Bloomington, Illinois.  State Farm is registered and authorized to sell insurance in the State of Washington. State Farm sold a property insurance policy(s) to the Association including Policy Nos. 980617248, 986172480, 98617248, 986057881 in effect at least from October 15, 1979 to October 17, 1982; and 98-04-4277-8 in effect from at least December 19, 1990 to December 19, 1999. The Association is seeking coverage against all State Farm policies issued to the Association.

2.3     <u>Doe Insurance Companies 1–10.</u>  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Rolling Hills Condominium as covered property.

2.4     <u>Rolling Hills Insurers</u>.  State Farm and Doe Insurance Companies 1–10 shall be collectively referred to as the "Rolling Hills Insurers."

2.5     <u>Rolling Hills Policies</u>. The policies issued to the Association by the Rolling Hills Insurers shall be collectively referred to as the "Rolling Hills Policies."

## III.     <u>JURISDICTION AND VENUE</u>

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

controversy exceeds $75,000. The Association's expert has determined that it will cost well over $75,000 to repair covered damage at the Rolling Hills Condominium complex.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Rolling Hills Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim occurred in King County; and the insured condominium buildings are located in King County.

## IV.     FACTS

4.1     Incorporation by Reference. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     Tender to State Farm.  On July 29, 2020, the Association tendered claims to State Farm for recently discovered hidden damage to exterior sheathing and framing in the exterior walls at the Rolling Hills Condominium complex.

4.3     Investigation. The Association hired an investigative firm, J2 Building Consultants ("J2"), to investigate the extent of damage at the Rolling Hills Condominium complex. J2 in conjunction with the Association's historical insurers, including State Farm, performed a Joint Intrusive Investigation at the Rolling Hills Condominium complex. According to J2 the investigation revealed extensive hidden damage to sheathing, framing, and weather-resistive barrier throughout the property attributable to long term, incremental and progressive water damage. According to the Association's experts, the cost to repair the hidden damage the Rolling Hills Condominium complex exceeds the jurisdictional limit of $75,000.

4.4     State Farm's Coverage Determination and Bad Faith. As part of its tender of claim, the Association requested that State Farm provide it with the Association's original application for insurance to State Farm.  State Farm provided the application related to the Association's 1990 to 1999 policies but provided no documents related to the policies issued to the Association between 1979 to 1982 despite evidence of these policies being made available to State Farm. On March 15,

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

2021, State Farm issued a coverage denial. In its denial, State Farm provided no analysis of policies issues from 1979 to 1982.

## V. FIRST CLAIM AGAINST THE ROLLING HILLS INSURERS FOR A DECLARATORY JUDGMENT THAT THE ROLLING HILLS POLICIES PROVIDE COVERAGE

5.1    Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2    Declaratory Relief. An actual, present and justiciable controversy has arisen between the Association and the Rolling Hills Insurers regarding the interpretation of their policies. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)    That the Rolling Hills Policies cover the hidden damage at the Rolling Hills Condominium complex including, but not limited to, the weather resistive barrier ("WRB"), sheathing, and framing.

(B)    No exclusions, conditions, or limitations bar coverage under the Rolling Hills Policies.

(C)    That the loss or damage to the Rolling Hills Condominium complex was incremental and progressive. New damage commenced during each year of the Rolling Hills Policies.

(D)    As a result, the Rolling Hills Policies cover the cost of investigating and repairing the exterior WRB, sheathing, and framing at the Rolling Hills Condominium complex.

## VI. SECOND CLAIM: AGAINST STATE FARM FOR BREACH OF CONTRACT

6.1    Incorporation.  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2    State Farm has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Rolling Hills Condominium complex.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

6.3     State Farm breached its contractual duties by wrongfully denying coverage on March 15, 2021, and by failing to pay the cost of repairing the covered damage to the Rolling Hills Condominium complex.

6.4     As a direct and proximate result of State Farm's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     Additional Damages. As a direct and proximate result of State Farm's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

### VII.    THIRD CLAIM: AGAINST STATE FARM FOR INSURANCE BAD FAITH

7.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     State Farm had a duty to investigate, evaluate, and decide the Association's claim in good faith. State Farm breached its duty by unreasonably investigating, evaluating, and/or denying the

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Rolling Hills Condominium complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when rain is an efficient proximate cause of the loss or a concurrent cause of the loss; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the State Farm policy pursuant to the plain meaning of the terms.

7.5    State Farm also breached its duty of good faith to the Association by unreasonably failing to acknowledge the existence of State Farm policies issued to the Association from 1979-1982, failing to acknowledge coverage provided by the State Farm policies 1978-1982, refusing produce the Association's original application and to reconstruct the State Farm policies from 1979-1982, and denying coverage without a reasonable justification.

7.6    Furthermore, State Farm violated multiple Washington claim handling standards set forth below, which is a breach of the duty of good faith, an unfair method of competition, an unfair and deceptive act or practice in the business of insurance, and a breach of the insurance contract. State Farm violated Washington claim handling standards by:

- Failing to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented;

- Failing to investigate thoroughly and promptly all claims of lost policies;

- Failing to provide all facts known or discovered during an investigation concerning the issuance and terms of a policy, including copies of documents establishing such facts to an insured claiming coverage under a lost policy;

- Failing to cooperate with the Association in the investigation of policies missing from 1987-1991, including failure to provide facts known or discovered during an investigation of the same;

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

- Failing to provide the Association with an accurate copy or reconstruction of the policy or portions of the policy located;
- Failure to provide copies of all insurance policy forms potentially applicable to the Association's claim;
- Misrepresenting pertinent facts or insurance policy provisions;
- Failing to construe ambiguities in facts, law, or policy language in favor of coverage;
- Refusing to pay the Association's claims without conducting a reasonable investigation;
- Failing to be impartial and to treat the interests of its insured as equal to its own without placing too much emphasis on State Farm's interests;
- Failing to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.

7.7    State Farm's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of State Farm's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VIII. FOURTH CLAIM: AGAINST STATE FARM FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1    The Association re-alleges and incorporates by reference Paragraphs 1.1 through 7.7, above, as if fully set forth herein.

8.2    Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, the conduct of State Farm was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of State Farm's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## IX.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

9.1     <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Rolling Hills Policies provide coverage as described herein.

9.2     <u>Money Damages</u>. For money damages against the Rolling Hills Insurers in an amount to be proven at trial.

9.3     <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees and costs (including expert fees) against State Farm. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4     <u>CPA Penalties</u>.  For CPA penalties against State Farm of up to $25,000 per violation.

9.5     <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X.     DEMAND FOR JURY TRIAL

10.1    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 23rd day of August, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
Jerry H. Stein, WSBA #27721
/s/ *Justin D. Sudweeks*
Justin D. Sudweeks, WSBA #28755
/s/ *Daniel J. Stein*
Daniel J. Stein, WSBA #48739
/s/ *Cortney M . Feniello*
Cortney M. Feniello, WSBA #57352
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jstein@condodefects.com
        justin@condodefects.com
        dstein@condodefects.com
        cfeniello@condodefects.com
Telephone: (206) 388-0660

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660